UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>HERMAN WILLIAMS,                      )<br>)<br>Defendant.                      )<br>) | Criminal No. 10-0051-12 (PLF) |

OPINION AND ORDER

In March of 2011, defendant Herman Williams pled guilty to two serious felonies before Judge Rosemary Collyer of this Court.[1] He was sentenced to a total of 114 months in prison, to be followed by 60 months of supervised release. While on supervised release, Mr. Williams was arrested in Washington, D.C. on June 4, 2019 and charged with second degree murder while armed. See Transcript of Revocation Hearing ("Tr.") [Dkt. No. 742] at 2:21-23. On April 14, 2023, the Court held a hearing on revocation of his supervised release. At the revocation hearing, the Court sentenced Mr. Williams to 37 months of imprisonment, with "credit for time served since date warrant was served on 5/13/2021." Judgment on Revocation [Dkt. No. 731] at 2. On May 12, 2023, Mr. Williams filed a Motion to Amend Judgment ("Mot.") [Dkt. No. 733]. The government filed a response opposing Mr. Williams' motion, see Government's Opposition to Defendant's Motion to Amend Judgment ("Opp.") [Dkt. No. 744], and Mr. Williams filed a reply. See Reply in Support of Motion to Amend Judgment ("Reply") [Dkt. No. 746]. This motion is now ripe for review.

---

[1] In 2020, this case was reassigned from Judge Collyer to the undersigned.

The Court has carefully considered the parties' written submissions and the applicable authorities. For the following reasons, the Court concludes, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, that it may amend the judgment to reflect the Court's intention that Mr. Williams serve a total of 14 additional months on his revocation of supervised release. The Court therefore will grant Mr. Williams' motion and will amend the judgment accordingly.

## I. BACKGROUND

On March 25, 2011, Mr. Williams pled guilty to a superseding information charging him with conspiracy to participate in a racketeer influenced corrupt organization, in violation of 18 U.S.C. § 1962(d), and assault with a dangerous weapon, in violation of 22 D.C. Code § 402 (2001 ed.). See Plea Agreement [Dkt. No. 147] at 1-2. On July 14, 2011, Judge Collyer sentenced Mr. Williams to 114 months of imprisonment as to Count One and a concurrent term of 66 months as to Count Two. See Judgment [Dkt. No. 232] at 3. Following imprisonment, he was to serve 60 months of supervised release. Mr. Williams began his period of supervised release on February 22, 2019. See Joint Motion to Continue the October 7, 2021 Hearing on Violation ("Joint Mot. to Continue") [Dkt. No. 715] at 1. One of the conditions of his supervised release was that he not commit another federal, state, or local crime. See Judgment at 4. But on June 4, 2019, Mr. Williams was arrested in Washington, D.C., and charged in the District of Columbia Superior Court with second degree murder while armed. See Joint Mot. to Continue at 1-2. Later that month, the Probation Office filed a petition requesting that the Court schedule a hearing on violation of supervised release. The Court continued the hearing, awaiting further developments in Mr. Williams' second degree murder case.

## II. DISCUSSION

During the hearing on revocation of supervised release, the parties informed the Court that the second degree murder charge in Superior Court had been dismissed and that Mr. Williams had pled guilty to carrying a pistol without a license – unrelated to the murder charge – for which he was sentenced in Superior Court to time served. See Tr. at 3:10-4:25; see also United States v. Williams, 2019 CF1 007632 (D.C. Super. Ct.). Turning to the appropriate sentence in the instant case for Mr. Williams' violation of the terms of his supervised release in this Court, the parties and the Probation Officer advised the Court of the following: on June 18, 2019, Judge Collyer signed a warrant in this case. Normally such a warrant would not have been served, but would have acted as a detainer to hold the defendant in custody until after resolution of the Superior Court matter. But in this case the warrant was executed early, on May 13, 2021. The government, defense counsel, and the Probation Officer all agreed that the early execution of the warrant entitled Mr. Williams to credit in this matter for time served on this federal warrant. Counsel for the government stated that "the warrant in the [violation of conditions of supervised release] was, in fact, executed in . . . May of [20]21, I believe, so he would be entitled to approximately 23 months credit." Tr. at 8:8-11. He also stated: "I believe jail credits on the [violation of conditions of supervised release] begin when the warrant's executed." Id. at 9:4-5. The Probation Officer agreed, stating:

> [O]n the warrant, the government . . . is correct[;] because the warrant was executed early, Mr. Williams did receive credit for all that time waiting in Superior Court and our hearing. Typically, we ask the U.S. Marshals to not execute the warrant until the case in Superior Court or any other jurisdiction has been resolved so [the defendants] are not erroneously released . . . . But for the purposes of this, the U.S. Marshals did execute the warrant on May 13[], 2021. And the moment he made an appearance before your court, that's when his time starts.

3

Id. at 9:9-20.

Later, the Court asked the parties again: "So if I were to agree with government and [P]robation, I would say 30 to 37 months, and then something else concurrent. And he gets credit for how many months[?] [Y]ou did the calculations?" Tr. at 13:2-5. Counsel for the government responded: "I believe it's 23 months." Id. at 13:6. Counsel for Mr. Williams stated that he was "a little skeptical that Mr. Williams gets credit for that time" but that "if the Court is willing to sentence Mr. Williams to 23 months" – a time served sentence – "we would be prepared to proceed today." Tr. at 10:10-14; see also id. at 25:24-25. After conferring with his client, counsel for Mr. Williams agreed to proceed with the hearing despite his disagreement with the government regarding the applicable U.S. Sentencing Guidelines range. See id. at 21:6-10.

Following this discussion, the Court revoked Mr. Williams' supervised release and sentenced him to 37 months of imprisonment, with the understanding that Mr. Williams would receive approximately 23 months of credit for time served, resulting in Mr. Williams serving 14 months on this revocation. See id. at 31:20-25 ("[T]he government and [P]robation seem to agree that he should get . . . credit for roughly 23 months from the date the warrant on this violation was served. And so if that's accurate, I have no reason to doubt that, he'll serve 14 months on this revocation."). The judgment on revocation reflects this understanding and states that Mr. Williams is to be imprisoned for a total term of "37 [m]onths of incarceration (with credit for time served since date warrant was served on 5/13/2021)." Judgment on Revocation at 2.

A month later, on May 12, 2023, counsel for Mr. Williams filed the present motion to amend the judgment. Counsel for Mr. Williams had discussed the issue of credit for

time served with the Bureau of Prisons ("BOP") Sentence Computation staff and with some of his colleagues at the Federal Public Defender. Counsel now informs the Court that – contrary to everyone's understanding during the revocation hearing – "it is the understanding of both BOP Computation staff and the attorneys at the Federal Public Defender that Mr. Williams will not receive credit from the date the warrant was executed" on May 13, 2021. Mot. at 2. Thus, Mr. Williams would not receive the 23 months credit that the Court, the Probation Officer, and counsel for both parties had thought that Mr. Williams would receive. Rather, counsel for Mr. Williams now reports that Mr. Williams' "time on the federal sentence began to run on the date he was sentenced to time served in Superior Court [on] April 6, 2023" and that it is estimated that "Mr. Williams will only receive one-week worth of credit toward his sentence." Id.

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Mr. Williams requests the Court to amend his written judgment. See Mot. at 2. Under Rule 36, the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. See, e.g., United States v. Booker, 436 F.3d 238, 245 n. 1 (D.C. Cir. 2006); United States v. Buendia-Rangel, 553 F.3d 378, 379 (5th Cir. 2008) (explaining that clerical errors "exist when the court intended one thing but by merely clerical mistake or oversight did another" (internal quotation marks omitted)). See also United States v. Future Tech Int'l, Inc., 58 F. Supp. 3d 86, 90 (D.D.C. 2014); United States v. Pletnyov, 47 F. Supp. 3d 76, 80 (D.D.C. 2014); United States v. Jackson, 920 F. Supp. 2d 51, 52 (D.D.C. 2013).

Mr. Williams argues that "[i]n order for the sentence to accurately reflect the intentions of the Court, which it arrived at after ample discussion and consideration of the [18

U.S.C.] § 3553(a) factors, the Judgment should be amended to state a sentence of 14 months," which "reflects the clear and express intention of the Court that Mr. Williams' sentence run for 37 months from May 13, 2021." Mot. at 3. In support of his argument, Mr. Williams cites United States v. Hughes, 813 F.3d 1007 (D.C. Cir. 2016). In that case, after sentencing, the defendant and her co-defendant were jointly and severally liable for $442,330 in restitution. See id. at 1008. The district court "expressed a clear intention that the actual restitution amount should be much smaller, perhaps as little as $0." Id. The oral record and written judgment stated that "the balance of any restitution [is] owed at a rate of not less than $50 each month." Id. at 1009. The D.C. Circuit noted that this statement "must mean that a rate of not less or more than $50 each month was required. Otherwise, given the wide range between $50 and $440,000, the judgment would be virtually meaningless." Id. The D.C. Circuit concluded that that there were clerical errors correctable under Rule 36 in the Hughes case because "the judgment did not reflect what was 'plainly intended.'" Id. (quoting United States v. Arrington, 763 F.3d 17, 25 (D.C. Cir. 2014)).

In addition, Mr. Williams cites United States v. Kpakima, in which the parties informed the court in a joint motion that although it was the intent of the parties and the court that the defendant's federal sentence would run concurrent with his sentences in Virginia, the BOP had not given the defendant the contemplated credit because the judgment did not include the word "concurrent." See United States v. Kpakima, Crim. No. 14-0110, Joint Motion to Amend Judgment (D.D.C. Apr. 15, 2016) [Dkt. No. 20] ¶ 8. Pursuant to Rule 36, the defendant requested the court to amend the judgment to reflect a "reduction of the [federal] sentence by the 18-month sentence in Virginia that was not run concurrently by BOP with the federal sentence, as the parties and the Court had intended." Id. ¶ 9. The court granted this motion. See

United States v. Kpakima, Crim. No. 14-0110, Order (D.D.C. May 2, 2016) [Dkt. No. 21]. Mr. Williams also cites United States v. Lewis, a similar case in which the parties informed the court in a joint motion that the BOP had not run the defendant's federal sentence concurrent to his Superior Court sentence, despite the court's "clear intent" that the two sentences should be concurrent. See United States v. Lewis, Crim. No. 12-0103, Joint Motion to Amend Judgment (D.D.C. May 3, 2022) [Dkt. No. 55] ¶¶ 5-6. Pursuant to Rule 36, the defendant requested that the court amend the judgment to reflect the court's intent. See id. ¶ 7. The court granted this motion. See United States v. Lewis, Crim. No. 12-0103, Order (D.D.C. May 4, 2022) [Dkt. No. 56].

In response, the government argues that Rule 36 does not permit the Court to amend Mr. Williams' judgment because Mr. Williams' request to amend the judgment to reflect a 14-month sentence "is not a 'clerical error.'" Opp. at 2 (citing FED. R. CRIM. P. 36). The government also asserts that "regardless of what the parties[] believed, the function of assessing credit for time served is solely the Bureau of Prisons' responsibility." Opp. at 2.

In support of its argument, the government discusses United States v. Gardner, 601 F. App'x 717 (10th Cir. 2015), and United States v. Agnes, 490 F. App'x 426 (3d Cir. 2012). In Gardner, the district court expressed during sentencing its intent that the defendant would receive credit for time served, but the court noted that "the Bureau of Prisons would be charged with the responsibility of making those calculations." Id. at 720. The written judgment stated that the defendant was to be imprisoned "for a total term of . . . 120 months with credit for time served." Id. (internal quotation marks and citation omitted). After sentencing, the defendant moved to amend the judgment "to include the exact dates for which Gardner was to receive credit for time served." Id. (cleaned up). The Tenth Circuit affirmed the district court's

7

denial of the defendant's motion, noting that "[a] clerical error of the type anticipated by Rule 36 should appear on the face of the record, leaving little need for adversary proceeding to clarify the issue." Id.

In Agnes, the defendant was arrested while on parole and was incarcerated for violating the terms of his parole. See United States v. Agnes, 490 F. App'x at 427. After a federal grand jury indicted him for the conduct that led to the revocation of his parole, the defendant pled guilty, and the district court sentenced him to 292 months of imprisonment. See id. At no point prior to or during the sentencing hearing did the defendant request the court to credit him with the time served for the revocation of his parole. See id. Years later, the defendant filed a motion pursuant to Rule 36, contesting the BOP's determination that he would not receive credit for time served for the revocation of his parole toward his 292-month sentence. See id. at 428. The Third Circuit affirmed the district court's denial of the motion, noting that the defendant's challenge was "not properly brought under Rule 36" and that "a court 'may not substantively alter a [sentencing] judgment without specific authorization.'" Id. (quoting United States v. Bennett, 423 F.3d 271, 276-77 (3d Cir. 2005)).

In addition, the government attempts to distinguish the D.C. Circuit's decision in United States v. Hughes by arguing that – unlike the requested correction here – in that case "an error in the restitution amount because the sentencing court plainly meant to require the defendant pay at a rate of $50 a month" was "an actual clerical error." Opp. at 5 (citing United States v. Hughes, 813 F.3d at 1008-09). The government also attempts to distinguish United States v. Kpakima and United States v. Lewis by asserting that in those cases, "the government joined in the request to permit those courts to modify sentences to reflect the court's clear

intent," and that those cases are "not good guideposts" because "[i]t is unclear why the government joined in those requests." Id.

After careful consideration of the arguments presented by the parties, the Court agrees with Mr. Williams. As Mr. Williams points out, the Tenth and Third Circuit cases that the government cites to support its argument are not the law in this circuit. See Reply at 1. Indeed, these unpublished opinions may not even be precedent in the Tenth and Third Circuits. See 10th Cir. R. 32.1; 3d Cir. I.O.P. 5 (2018). The only D.C. Circuit case the government cites is United Sates v. Arrington, in which the court ruled that Rule 36 was not the proper vehicle for the defendant's request to amend the judgment on the basis that the district court had erroneously and unlawfully imposed consecutive, rather than concurrent, terms of supervised release. See United Sates v. Arrington, 763 F.3d at 25. The D.C. Circuit concluded that there was no clerical error in that case because the district court had "plainly intended to sentence Arrington to consecutive three-year terms of supervised release, and the written order accurately reflect[ed] the court's intention." Id. (emphasis added). The court ruled that "Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing." Id. at 24.

Arrington is entirely consistent with United States v. Hughes, the D.C. Circuit case cited by Mr. Williams, in which the court concluded that judgments that do not reflect what was "plainly intended" are clerical errors correctable under Rule 36. See United States v. Hughes, 813 F.3d at 1009. As reflected in the transcript of the revocation hearing, this Court plainly intended for Mr. Williams to serve 14 months on the revocation – not 37 months – because the Court believed he would receive approximately 23 months of credit for time served. See Tr. at 31:20-25. The judgment on revocation mirrors the Court's remarks at the hearing,

stating that Mr. Williams is sentenced to 37 months of incarceration "with credit for time served since date warrant was served on 5/13/2021." Judgment on Revocation at 2. In light of the BOP's calculation that Mr. Williams will only receive credit for time served since the date he was sentenced in Superior Court on April 6, 2023 – resulting in him receiving only one week of credit for time served instead of 23 months – the judgment on revocation does not reflect what this Court plainly intended. An amendment of the judgment to reflect the Court's intention therefore is appropriate under Rule 36.

       The Court also agrees with Mr. Williams that there is no meaningful justification as to why Rule 36 does not apply in this case, when several judges of this court have granted other defendants' similar motions to amend judgments pursuant to Rule 36. The government is correct that in United States v. Kpakima and United States v. Lewis, the motions to amend the judgments were motions in which the government joined in the request to permit modifications in the defendants' sentences. But as Mr. Williams points out, in United States v. Fuentes, Crim. No. 20-0215, where the government did not join the defendant's motion to amend the judgment pursuant to Rule 36, the court granted the motion and amended the judgment after the BOP failed to run the defendant's federal and state sentences fully concurrently as the court had intended. See Reply at 1-3; United States v. Fuentes, Crim. No. 20-0215, Motion to Amend Judgment (D.D.C. Sept. 19, 2022) [Dkt. No. 36]. "There simply is no meaningful distinction between this case and Lewis, Kpakima, or Fuentes," and the government's "inconsistent approach on Rule 36 threatens to result in arbitrary differences in the treatment of similarly situated defendants." Reply at 3-4.

Because the judgment on revocation does not reflect this Court's plain intention that Mr. Williams serve only 14 months on this revocation, the Court concludes that amending the judgment is appropriate under Rule 36. For the foregoing reasons, it is hereby

ORDERED that Mr. Williams' motion to amend the judgment on revocation of supervised release [Dkt. No. 733] is GRANTED; and it is

FURTHER ORDERED that the sentence imposed by the Court on April 14, 2023 and the written judgment of May 1, 2023 [Dkt. No. 731] be amended to reflect a term of imprisonment of 14 months, with credit for time served since the date of Mr. Williams' sentencing in the District of Columbia Superior Court on April 6, 2023; and it is

FURTHER ORDERED that except as provided above, all other provisions of the sentence imposed on April 14, 2023 and the written judgment of May 1, 2023 [Dkt. No. 731] shall remain in effect.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/1/23